UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL LEE HINES,

    Petitioner,

                                                           File No. 1:15-cv-142

v.

                                                           HON. ROBERT HOLMES BELL

RANDY HAAS,

    Respondent.
                                          /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

On May 7, 2015, United States Magistrate Judge Phillip J. Green issued a Report and Recommendation ("R&R"), recommending that Petitioner Nathaniel Lee Hines's 28 U.S.C. § 2254 petition be dismissed because it is barred by the statute of limitations (ECF No. 8). Magistrate Judge Green determined that Petitioner's application was untimely, and that he failed to show that he was entitled to equitable tolling of the statute of limitations, or to the actual-innocence exception to the statute of limitations.

Petitioner filed objections to the R&R (ECF No. 9). For the reasons that follow, Petitioner's objections will be denied and the R&R will be adopted as the opinion of the Court.

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner contends that the one-year statute of limitations does not apply because the judgment he challenges is "not of record" and is an "unpublished table decision." (Objections, ECF No. 9.) The fact that a decision is not published does not mean that the statute of limitations does not apply.

Petitioner contends that the judgment of the state court was issued without proper authority. But that does not excuse Petitioner from challenging the judgment within the one-year period provided in 28 U.S.C. § 2244.

Petitioner also contends that he lacked an education, but as the magistrate judge indicated, a petitioner's lack of knowledge of the one-year requirement is not a basis for equitable tolling.

Petitioner also contends that the statute of limitations never started to run in his case. He offers no legal or factual support for this contention.

Finally, Petitioner raises a number of complaints about the validity of the judgment challenged in this action and the validity of the proceedings that led to that judgment. None of those complaints undermines the magistrate judge's determination that this action is untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (ECF No. 9) are **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 8) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. Reasonable jurists would not disagree with the conclusion that this petition is untimely. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

A judgment will be entered that is consistent with this opinion and order.


Dated: March 9, 2016                                /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE